**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW ANDERSEN, | No. 18-15254 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00369-LJO-BAM |
| v. | |
| SCOTT KERNAN, Secretary of the California Department of Corrections and Rehabilitation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted August 15, 2018**

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

California state prisoner Andrew Andersen appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action challenging California

Department of Corrections and Rehabilitation's parole criteria and resources.  We

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Andersen's procedural due process claim because Andersen failed to allege facts sufficient to show that a protected liberty interest was implicated or that he was denied an opportunity to be heard and to receive a statement of the reasons for the denial of parole. *See Swarthout v. Cooke*, 562 U.S. 216, 219-20 (2011) (in parole context, due process requires only that prisoner be provided with an opportunity to be heard and a statement of the reasons why parole was denied); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (no constitutional right to parole).

The district court properly dismissed Andersen's substantive due process claim because Andersen failed to allege facts sufficient to show that defendant's alleged conduct was arbitrary or shocks the conscience. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998) (substantive due process claim requires conduct that is arbitrary or shocks the conscience).

The district court properly dismissed Andersen's equal protection claim because Andersen failed to allege facts sufficient to show that the alleged classification is not rationally related to legitimate state interests. *See United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012) (government actions

that do not involve suspect classifications are subject to rational basis review).

The district court properly dismissed Andersen's Eighth Amendment claim because Andersen failed to allege facts sufficient to establish that defendant's alleged conduct was sufficiently serious. *See Farmer v Brennan*, 511 U.S. 825, 834 (1994) (alleged deprivation must be, objectively, sufficiently serious to result in the denial of the minimal civilized measure of life's necessities).

The district court did not abuse its discretion by denying further leave to amend because amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court "acts within its discretion to deny leave to amend when amendment would be futile"); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court's discretion is "particularly broad" when it has already granted a plaintiff leave to amend (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Andersen's motion to extend time to pay the docketing and filing fees (Docket Entry No. 2) is denied as moot.

**AFFIRMED.**